UNITED STATES of America,
Plaintiff—Appellee,

v.

Tracy Damon LEE, Defendant—
Appellant.

No. 07–30231.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2008.

Filed Aug. 27, 2008.

Helen J. Brunner, Esquire, Assistant U.S. Attorney, Carl A. Colasurdo, Esquire, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Sheryl Gordon McCloud, Esquire, Law Offices of Sheryl Gordon McCloud, Seattle, WA, for Defendant–Appellant.

Before: PREGERSON, CANBY, and HALL, Circuit Judges.

## MEMORANDUM *

Tracy Lee was apprehended after a high speed chase that ended when a police cruiser rammed the van he was driving, causing it to spin out. In the van, police found a gun with Lee's fingerprint on the barrel, but Lee claimed that the gun was not his and that he only realized it was there when it hit his hand in the commotion of the crash. Lee was later caught on tape cajoling his girlfriend to claim that the gun was hers. A jury convicted Lee of three counts: (1) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)

and 924(e); (2) conspiracy to obstruct justice in violation of 18 U.S.C. § 371, and (3) obstruction of justice in violation of 18 U.S.C. § 1503. Lee timely appeals his convictions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

■ Lee argues that the district court committed structural error by violating his Sixth Amendment right to a public trial. *See Neder v. United States,* 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). The district court conducted juror questioning and peremptory challenges in public, but held for-cause challenges to prospective jurors in chambers. Lee did not object to the voir dire format at trial, so we review for plain error. *United States v. Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

We find no plain error here. As Lee notes, the Supreme Court has held that the right to a public trial encompasses voir dire. *Press–Enterprise Co. v. Superior Court of Cal., Riverside County,* 464 U.S. 501, 505–10, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984); *see also Waller v. Georgia,* 467 U.S. 39, 46, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) (recognizing that the Sixth Amendment right to a public trial is at least as broad as the public's First Amendment right recognized in *Press–Enterprise* ). However, *Press–Enterprise* involved extensive closed proceedings that encompassed virtually all of the questions posed to jurors and their answers. *See* 464 U.S. at 503–04, 104 S.Ct. 819. Lee cites no case, and we can locate none, where closing the courtroom during for-cause chal-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lenges alone was deemed to violate the right to a public trial. Moreover, we have noted that the length of the closed proceedings is an important consideration. *See United States v. Ivester*, 316 F.3d 955, 960 (9th Cir.2003). Accordingly, we cannot say that the relatively brief closure here was plain error.

## II.

■ Lee contends that the district court erred in declining to give the jury a proposed instruction that provided as follows:

A person is not in possession of something simply because the person momentarily touches or holds the thing *or has passing control of it.* The person has possession of the thing only if he takes steps to have physical custody of or dominion and control over the thing and has actual control, care, and management of the thing.

(emphasis added). We disagree. The proposed instruction misstated the law because of its provision that "passing control" did not constitute possession. In *United States v. Johnson,* 459 F.3d 990, 998 (9th Cir.2006), this circuit approvingly quoted *United States v. Mercado,* 412 F.3d 243, 251 (1st Cir.2005), which, in rejecting a jury instruction similar to the one here, stated that "[e]ven if the evidence established only that Mercado held the firearm for a few seconds, he could properly be convicted of possession within the meaning of § 922(g)." Because "brevity alone does not preclude conviction," *id.* (quotation omitted), Lee's instruction was incorrect when it stated that "passing control" is not possession.

The drug possession cases Lee cites do not suggest otherwise, as the defendants there did not have control over the drugs they touched, but were merely testing a small portion in anticipation of a larger buy. *See United States v. Kearns,* 61 F.3d 1422, 1424 (9th Cir.1995); *United States v. Batimana,* 623 F.2d 1366, 1368–69 (9th Cir.1980). We find no instructional error.

## III.

■ Lee next attacks his conviction for conspiring with his girlfriend, Melissa Williams, to obstruct justice in a federal proceeding. The conspiracy conviction resulted from taped telephone conversations where Williams and Lee agreed to falsely testify that the gun with Lee's print actually belonged to Williams. Lee argues that the conspiracy conviction violated Wharton's Rule, which provides that "[a]n agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." *United States v. Castro,* 887 F.2d 988, 996 (9th Cir.1989) (quoting *Iannelli v. United States,* 420 U.S. 770, 773–74 n. 5, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975)). Lee likens his obstruction charge to witness bribery, and cites cases holding that bribery falls within Wharton's Rule. *See, e.g., United States v. Sager,* 49 F.2d 725, 727–28 (2d Cir.1931).

Lee's argument fails quickly. Lee was not charged with a conspiracy to commit bribery, but a conspiracy to obstruct justice through false testimony. Obstruction can be proven without an agreement, so the conspiracy charge did not violate Wharton's Rule. *See United States v. Brenson,* 104 F.3d 1267, 1283 (11th Cir. 1997); 18 U.S.C. § 1503.

## IV.

■ Lee also contends that the district court erred in admitting tapes of the tele-

phone calls that he made while in state custody, before his federal indictment. His theory is that the calls were irrelevant and prejudicial because before federal charges were brought, he was only attempting to obstruct a state—and not a federal—proceeding. Lee is wrong. The calls before the federal proceedings were evidence of a scheme to provide false testimony. The jury properly could infer from them that the scheme continued after federal charges were filed, particularly because some of the calls specifically contemplated federal charges. The calls from the state facility were highly probative and provided context for the more cryptic calls that Lee made from the federal prison. The calls also rebutted Lee's defense that he had not known of the gun, since they depicted Lee convincing Williams to come up with an exculpatory story. The calls were thus relevant and not unduly prejudicial. Fed.R.Evid. 401, 403. The district court was within its discretion to admit them. *See United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir.2004) (stating standard of review).

## V.

Finally, Lee argues that the felon-in-possession statute exceeds Congress's Commerce Clause power. As he concedes, this argument is foreclosed by, among other cases, *United States v. Latu,* 479 F.3d 1153, 1156–57 (9th Cir.2007).

AFFIRMED.